**Lucian Z. CYWINSKI, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ACME MARKETS, INC. and American Motorists Insurance Co.), Respondents.**

Commonwealth Court of Pennsylvania.

Oct. 21, 1996.

Robert A. Sloan, for Petitioner.

Victoria S. Maranzini, for Respondent.

Before DOYLE and FLAHERTY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Lucian Cywinski (Claimant) appeals a Workmen's Compensation Appeal Board (Board) order that affirmed a Workers' Compensation Judge's (WCJ) decision denying his claim for a second healing period under the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4.

The sole issue in this case is whether, after an amputation for which there was an initial healing period, a second surgical procedure that Claimant underwent constituted a second "amputation." As the WCJ noted, Section 306(c) of the Act authorizes payment for a healing period in connection with a specific loss, and further provides that "[w]here any such permanent injury or injuries shall require an amputation at any time after the end of the healing period hereinbefore pro-

vided, the employe shall be entitled to receive compensation for the second healing period ..." 77 P.S. § 513(25).

The issue here arises from the following facts. In October 1987, while working for Acme Markets, Inc. (Employer), Claimant suffered a crush injury to his left index finger when it became caught in a machine. He underwent surgery and the first digital phalanx of his left index finger was amputated. Employer accepted liability for the injury and paid benefits under the Act, including benefits pursuant to section 306(c) for a healing period for the amputation from October 18, 1987, until November 28, 1987, when Claimant returned to work. Claimant executed a supplemental agreement stating that he sustained a 50% specific loss of the left first finger and providing for payment to him of $361 per week for twenty-five weeks.

After his amputated finger had healed, Claimant developed a problem when "a fingernail began to grow out from the tip, causing increasing pain ... [and] Claimant developed a bulbous area on his finger." (Finding of fact no. 7, WCJ's decision, March 1, 1993). In June 1990, a second operation was performed, directly related to Claimant's original work injury, and Claimant was out from work for eight weeks. Specifically,

> Dr. William Kirkpatrick performed a surgical procedure on Claimant's left index finger described as a "neuroma and nail remnant excision." During this procedure the nail and remaining nailbed were excised down to the distal phalanx. Surrounding dorsal soft tissue was also removed. The neromatous tissue within the subcutaneous tissue was also excised. There was no further bone loss or bone removal at the time of this surgical procedure.

(Finding of fact no. 4, WCJ's decision, August 18, 1994).

Claimant then filed his petition seeking benefits for a second healing period under section 306(c). The WCJ "took judicial notice of the definition of the word 'amputation' as 'the removal of a limb or other appendage or outgrowth of the body.' Dorland's Illustrated Medical Dictionary, 17th Edition, W.B. Saunders Co., 1988." (Finding of fact

no. 9, WCJ's decision, March 1, 1993). He concluded that the additional surgery did not involve an "amputation" and therefore Claimant had failed to meet his burden of establishing entitlement to a second healing period. Claimant appealed to the Board, which affirmed the WCJ's decision following a remand. Claimant now appeals to this Court.

■ Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed or necessary findings of fact were unsupported by substantial evidence. *Crenshaw v. Workmen's Compensation Appeal Board (Hussey Copper)*, 165 Pa.Cmwlth.696, 645 A.2d 957 (1994).

■ The resolution of this appeal turns on the definition of the word "amputation," which the Act itself does not define. Claimant maintains that he is entitled to six more weeks of benefits, for a second healing period, because the surgical procedure removing the neuroma and the fingernail in June 1990 was another "amputation" within the meaning of the Act, which should be liberally construed. He argues that an amputation does not necessarily have to include bone removal and that the remedial nature of the Act itself compels an interpretation of the word amputation to include the procedure in question.

■ We do not construe the word amputation in the Act to include the removal of a fingernail that is protruding from the site of a previous amputation and the growth around it. Such a conclusion would be more than a liberal construction of the Act. While we can agree that an amputation does not necessarily involve bone removal, it must be acknowledged that not every removal of something attached to one's body is an amputation under the Act. We agree with the WCJ that "[t]he items removed were not 'limbs' or 'appendages' of the type normally associated with the term 'amputation.'" (WCJ's decision, March 1, 1993, p. 5). Thus, we cannot fit the procedure here into the category of an "amputation."

Accordingly, the order of the Board sustaining the fact-finder's decision is affirmed.

1. Act of June 2, 1915, P.L. 736, *as amended*, 77

### ORDER

AND NOW, this 21st day of October, 1996, the order of the Workmen's Compensation Appeal Board, No. A94–2601, dated January 5, 1996, is hereby affirmed.

FLAHERTY, Judge, dissenting.

I respectfully dissent. Claimant sustained a work-related injury which resulted in amputation of the first digital phalanx of his left index finger. Employer accepted liability and Claimant was provided the statutorily mandated compensation and healing period. Subsequently, Claimant began experiencing problems with this finger, developing a bulbous area on the finger and growing a fingernail from the tip. Claimant's physician performed a second surgical procedure on the finger, which was directly related to Claimant's original work injury. As a result of this surgery, Claimant requests a second healing period. The Workers' Compensation Judge (WCJ) found that Claimant's physician performed this second "surgical procedure on Claimant's left index finger described as a 'neuroma and nail remnant excision,'" (R.R. at 100), but denied benefits.

Section 306(c)(25) of the Workers' Compensation Act (Act)[1] provides that, "[w]here any such permanent injury or injuries shall require an amputation at any time after the end of the healing period hereinbefore provided, the employe shall be entitled to receive compensation for the second healing period...." The Act is remedial in nature, and should be liberally construed to accomplish its humanitarian purpose. *See McCloskey v. Workmen's Compensation Appeal Board*, 501 Pa. 93, 460 A.2d 237 (1983).

The WCJ took "judicial notice of the definition of the word 'amputation' as 'the removal of a limb or other appendage *or outgrowth of the body.' Dorland's Illustrated Medical Dictionary*, 17th Edition, W.B. Saunders Co., 1988." (R.R. at 75 emphasis added.) The neuroma and fingernail remnant that required excision were outgrowths. Therefore, according to definition, the removal of these

P.S. § 513(25).

outgrowths was an amputation. Accordingly, Claimant is entitled to a second healing period under the Act.